UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAWRENCE A. HILDES, et al.,

          Plaintiff(s),

   v.

CITY OF SEATTLE, et al.,

          Defendant(s).

NO. C06-707P

ORDER ON CITY DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

The above-entitled Court, having received and reviewed:

1.     City Defendants' Motion for Summary Judgment Dismissal

2.     Plaintiffs' Memorandum in Opposition to City Defendants' Motion for Summary Judgment
Dismissal

3.     City Defendants' Reply in Support of Motion for Summary Judgment Dismissal

and all exhibits and declarations attached thereto, makes the following ruling:

     IT IS HEREBY ORDERED that the motion is GRANTED, and Plaintiffs' claims against the
City defendants are hereby DISMISSED with prejudice.

**Background**

     This lawsuit arises out of the June 2, 2003 demonstration at the annual conference of the Law
Enforcement Intelligence Unit (LEIU) in Seattle.  Plaintiffs have named 95 defendants (state and
municipal government organizations and individual police officers) in a suit alleging assault,
negligence, conversion, trespass, intentional infliction of emotional distress, and a number of state and
federal civil rights violations.

     The violations alleged in Plaintiffs' complaint occurred on June 2, 2003.  On May 18, 2006,
Plaintiffs filed their original complaint, and then filed an amended complaint on August 3, 2006,

1    deleting 29 defendants and adding 23 new ones.  The amended complaint names 95 defendants,

2    including the City of Seattle, the Seattle Police Department (SPD) and 49 SPD officers.

3            In June of 2006, Plaintiffs' counsel contacted the City's attorneys and asked them to accept

4    service of behalf of all City defendants – counsel for the City responded that the City does not accept

5    service on behalf of officers sued in their individual capacity. Declaration of Bresler, ¶¶ 4-5.  Plaintiffs

6    allege that between September 8 and 15, 2006, all defendant officers were served copies of the

7    complaint and summons at their precinct office.  Id., ¶ 7.  Between September 10 and 27, 2006, five of

8    the individual defendant SPD officers executed Waivers of Service of Summons.  *See* attachments to

9    Memorandum in Opposition, Dkt. No. 24.  On September 8, 2006, Plaintiffs moved for an order

10   extending the service deadline (Dkt. No. 6) – that motion was unopposed.  On September 22, 2006,

11   the Court granted that motion (Dkt. No. 11).

12           The record contains no evidence that any of the non-waiving City defendants were ever served.

13           Plaintiff Hildes is an attorney who represented similarly-situated plaintiffs in a related matter,

14   Hedden et al. v. City of Seattle, et al., C05-999TSZ (filed on June 2, 2005).  It appears that he

15   withdrew from representation in that case several months after initiating this lawsuit.  Order Granting

16   Motion to Withdraw, Dkt. No. 192, C05-999TSZ.

17   **Discussion**

18           Federal courts apply the forum state's statutes of limitation for analogous causes of action.

19   Board of Regents v. Tomanio, 446 U.S. 478, 483-84 (1980); Cholia Ready Mix, Inc. v. Civish, 382

20   F.3d 969, 974 (9th Cir. 2004).  In Washington, the statutes of limitations for assault, battery and

21   intentional infliction of emotional distress are two years.  RCW 4.16.100.  Defendants argue that the

22   three-year statute of limitations ordinarily applicable to negligence claims should not be enforced,

23   citing case law that holds that where the statute of limitations for the actions underlying the negligence

24   claim (in this case, assault, battery and intentional infliction of emotional distress) is two years, that is

25

26   **ORDER ON MTN**
     **FOR SUMM JMT - 2**

1   the limitation on the negligence claim as well.  Boyles v. City of Kennewick, 62 Wn.App. 174, 177,

2   review denied, 118 Wn.2d 1006 (1991).  As this order will make clear, Plaintiffs are subject to

3   dismissal of their claims whether their limitation periods are calculated under a two- or three-year

4   statute of limitations, therefore the Court need not reach the issue of which of the two periods the

5   negligence claims fall under.

6        In any event, Plaintiffs do not dispute that their May 18, 2006 filing is almost a year after the

7   expiration of the statutes on any claims subject to a two-year statute of limitations.[1]

8        There is some dispute among the parties regarding whether all or merely some of Plaintiffs'

9   claims are subject to a three-year statute of limitations under RCW 4.16.080.  For whichever of the

10  claims so qualify, the expiration of that period would have occurred on June 2, 2006.  Plaintiffs filed

11  their complaint prior to that date (May 18, 2006), but Washington law will only toll the statute under

12  those circumstances if: (1) filing occurs prior to the expiration of the statute of limitations and (2)

13  defendants are personally served within 90 days of filing.  RCW 4.16.070.  If service is not

14  accomplished within 90 days from filing, no tolling occurs and (if the statute of limitations expires) the

15  court loses jurisdiction.  See Martin v. Triol, 121 Wn.2d 135, 149 (1993); Clark v. Falling, 92

16  Wn.App. 805, 810 (1998).

17       The City of Seattle was not served until September 12, 2006 (almost 120 days after filing).

18  Defendants claim that the individual officers were never served; Plaintiffs claim service (by leaving the

19  summons and a copy of the complaint at the precinct office) "[b]etween September 8, 2006 and

20  September 15, 2006."  Opposition Memo, p. 2.  Even accepting Plaintiffs' argument, service is still

21  well after the 90 day grace period permitted by the statute.  It is the finding of this Court that, whether

22

23

24       [1] Defendants also seek dismissal of the intentional infliction of emotional distress/outrage claim on the
         grounds that it is recoverable only if Plaintiffs have no other tort remedies available, citing Rice v. Janovich,
         109   Wn.2d 48, 62 (1987).  Since all of Plaintiffs' claims are dismissible on statute of limitations grounds,
25  again the     Court's opinion does not reach this argument.

26  **ORDER ON MTN**
    **FOR SUMM JMT - 3**

1   a three- year statute of limitations applies to all or merely some of Plaintiffs' claims, even that period

2   has expired, thereby depriving the Court of jurisdiction.

3        A further procedural wrinkle is presented by those defendants added in the amended complaint

4   filed on August 3, 2006.   Plaintiffs argue that the amendment "relates back" to the original complaint

5   per FRCP 15(c) and thereby preserves their claims, but the Supreme Court has held that, unless the

6   new parties receive notice of the claim and "knew or should have known" that but for a mistake in

7   identity the action would have included them <u>before</u> the expiration of the limitations period, there is no

8   "relating back" and jurisdiction otherwise lost remains forfeit.  <u>Schiavone v. Fortune</u>, 477 U.S. 21, 29

9   (1986).

10        Plaintiffs do not meet the <u>Schiavone</u> test.  They have made no showing that any newly-added

11   officers "knew or should have known" that they should have been named in the original complaint.

12   Further, there is case law which prohibits Plaintiffs from asserting that failure to name an officer

13   because his identity was not known at the time of filing is a "mistake" for 15(c) purposes.  <u>Gonzales v.</u>

14   <u>Phoenix Police Dept.</u>, 2006 WL2052711 at 4 (D.Ariz. 2006); <i>accord</i> <u>Rylewicz v. Beaton Services,</u>

15   <u>Ltd.</u>, 888 F.2d 1175, 1181 (7th Cir. 1989).  Plaintiffs' assertions in this regard are unavailing.

16        FRCP 15(c) has been amended (per FRCP 4(m)) to extend the notice period to 120 days from

17   the original filing date, but Plaintiffs have provided no proof that service was properly effected on any

18   newly added officer defendants prior to Sept. 15, 2006.[2]

19        The issue of the five officers who executed waivers of service of summons presents an unusual

20   dilemma (which neither of the parties chose to address).  All five of the officer defendants were named

21   in the original complaint, which means that, at the outside, the statute of limitations on the claims

22   against them expired on August 17, 2006.  Their waivers were all executed in September, 2006, well

23

24

25      [2]   RCW 4.28.080 identifies the acceptable means for effecting service of process; leaving a copy of the complaint at a precinct office (or any individual's place of business) is not one of them.

26   **ORDER ON MTN**
     **FOR SUMM JMT - 4**

after the expiration of the limitations period.  Do the waivers operate to "revive" the expired claims? The Court notes that, despite noting the fact of the waivers in their briefing (and attaching them to their memorandum), Plaintiffs make no such argument.  The Court's own research indicates that this may be an issue of first impression.  At this juncture, the authors of <u>Federal Practice & Procedure</u> will have the last word:

> The procedure for requesting waiver of service obviously should not be used if the time for service of the summons under subdivision [*FRCP 4*](m) will expire before the date on which the waiver must be returned. Although a plaintiff has been given additional time for completing service in that situation,[*footnote omitted*] the district court generally should not grant an extension unless the defendant appears to have avoided an attempt to make service according to subdivision (e) or (h).
>
> In other instances, courts, noting that defendants are not required to grant requests for waivers, have been unsympathetic to plaintiffs who found the statute of limitations.... had expired while they waited for the defendant to waive service.[*footnote omitted*]

4A FPP § 1092.1.  In a similar vein, the Court's granting of an extension of time for service of the complaint (Dkt. No. 11) had no legal effect, given that the statute of limitations had expired prior to Plaintiffs even making the request for more time to serve defendants.

As noted previously, Plaintiffs make no argument disputing the failure to file within the two-year statute of limitations.  Nor do they contend that they complied with RCW 4.16.070 by serving any defendants within 90 days of filing the original complaint or otherwise commenced their lawsuit against defendants within the time allotted by the Washington tolling statute.

What Plaintiffs do argue is that, under established federal case law, §1983 actions in states with more than one statute of limitations are governed by the "general" personal injury statute of limitations (for Washington, RCW 4.16.080, a three-year statute of limitations).  <u>Owens v. Okure</u>, 488 U.S. 235 (1989).  Based on the analysis above, this argument is moot, since the Court finds that Plaintiffs did not effect service within a three-year statute of limitations, either.

**ORDER ON MTN**
**FOR SUMM JMT - 5**

1    Plaintiffs, however, do not even actually contend that their suit was properly commenced

2    within a three-year statute of limitations. Instead, they make two alternate arguments, neither of them

3    persuasive.

4    First, they argue that defense counsel "deliberately frustrated" their attempts to serve the

5    individual defendants and therefore the statute should be tolled. Plaintiffs attempt to characterize

6    defense counsel's refusal to accept service on behalf of all the individual officers as "effectively

7    concealing" the officers within the state and thereby causing the statute of limitations clock to cease

8    ticking.

9    This is a very weak argument. "Concealment" is a legally defined term and requires

10   "clandestine" or "secret" activities that render personal service impossible; i.e., "willful evasion of

11   process." Bethel v. Sturmer, 3 Wn.App. 62 (1970). Plaintiffs were informed that the City did not

12   accept service on behalf of individual defendants.[3] They do not allege any attempt to personally serve

13   Defendants in a manner approved by state law or why such an attempt would have been futile. They

14   simply argue "we asked the City to accept service and they would not, so we should be relieved of our

15   responsibility to effect proper service." The Court declines to adopt this position.

16   Second, Plaintiffs maintain that, because Defendants have engaged in discovery, they have

17   waived their defenses of insufficient service and statute of limitations (citing Romjue v. Fairchild, 60

18   Wn.App. 278, 281-282 (1991). This is based on Defendants noting Plaintiff Hildes's deposition (a

19   deposition which even Plaintiffs concede never took place). Opposition Memo, p. 5. Defendants

20   dispute Plaintiffs' facts and law regarding the issue of whether this constitutes "engaging in" discovery.

21   Defendants acknowledge that Plaintiff Hildes had been scheduled for deposition, but point out that this

22   deposition (which was cancelled after this motion was filed) was in fact scheduled in the previous

23

24

[3] In fact, Defendants maintain that Plaintiff Hildes had been informed of this policy while acting as

25  counsel      in the earlier, similar Hedden case from which he had withdrawn.

26   **ORDER ON MTN**
     **FOR SUMM JMT - 6**

1   (Hedden) matter.  Even if that were not the case, merely noting a deposition does not constitute

2   "engaging in discovery."   The Court points out that the discovery conducted in the Romjue case cited

3   by Plaintiffs was actually very extensive.  The facts in this case do not support Plaintiffs' reliance on

4   that precedent.  Furthermore, the Romjue defendants were faulted for having mislead the opposing

5   party into believing that service *had* been effective, something Plaintiffs do not allege occurred in this

6   case.

7   **Conclusion**

8          Whether calculated under a two-year or three-year statute of limitations, Plaintiffs' claims in

9   this case have lapsed for failure to file and serve them upon defendants in a timely and approved

10  manner.  Defendants have neither "concealed" any party from service, nor have they engaged in

11  discovery in a manner which would obviate the requirement of service.  The City defendants' motion

12  for summary judgment will be GRANTED, and Plaintiffs' claims against them will be DISMISSED

13  with prejudice.

14

15         The clerk is directed to provide copies of this order to all counsel of record.

16         Dated:  January 29, 2007

17

18                                                  Marsha J. Pechman

19                                                  U.S. District Judge

20

21

22

23

24

25

26  **ORDER ON MTN**
    **FOR SUMM JMT - 7**