UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAWRENCE A. HILDES, et al.,

        Plaintiff(s),

v.

CITY OF SEATTLE, et al.,

        Defendant(s).

NO. C06-707P

ORDER ON STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The above-entitled Court, having received and reviewed:

1. State Defendants' Motion and Memorandum in Support of Motion for Summary Judgment Dismissal

2. Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment

3. Reply Memorandum in Support of Motion for Summary Judgment

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED, and Plaintiffs' claims against the State defendants are DISMISSED with prejudice.

**Background**

This lawsuit arises out of the June 2, 2003 demonstration at the annual conference of the Law Enforcement Intelligence Unit (LEIU) in Seattle. Plaintiffs have named 95 defendants (state and municipal government organizations and individual police officers) in a suit alleging assault, negligence, conversion, trespass, intentional infliction of emotional distress, and a number of state and federal civil rights violations.

The violations alleged in Plaintiffs' complaint occurred on June 2, 2003. On May 18, 2006, Plaintiffs filed their original complaint, and then filed an amended complaint on August 3, 2006,

**ORDER ON MTN
FOR SUMM JMT - 1**

deleting 29 defendants and adding 23 new ones. The amended complaint names 95 defendants, including a number of Washington State Patrol ("WSP") troopers and their spouses.

In September of 2006, Plaintiffs' counsel contacted the Washington Attorney General's Office and asked an Assistant Attorney General (specifically, counsel for the State in a similar, earlier-filed lawsuit; see *infra*) to accept service of behalf of all individual State defendants in this matter – the AAG responded that the Office of the Attorney General does not accept service on behalf of state employees sued in their individual capacity. Declaration of Puz. Plaintiffs allege that between September 8 and 15, 2006, all defendant troopers were served copies of the complaint and summons at their precinct office. Declaration of Bresler. Plaintiffs also allege that "six officers have signed and returned the Waiver of Service of Summons." Memorandum in Opposition, p. 2. What Plaintiffs neglect to point out is that none of those officers were WSP troopers.

The record contains no evidence that any of the State defendants were ever served. Defendants contend (and Plaintiffs do not deny) that at no time prior to the filing of the original or amended complaints did Plaintiffs file a claim with the Washington State Office of Risk Management. Declaration of Bilbrey.

Plaintiff Hildes is an attorney who represented similarly-situated Plaintiffs in a related matter, <u>Hedden et al. v. City of Seattle, et al.</u>, C05-999TSZ (filed on June 2, 2005). It appears that he withdrew from representation in that case several months after initiating this lawsuit. Order Granting Motion to Withdraw, Dkt. No. 192, C05-999TSZ.

**Discussion**

Statutes of Limitation

Federal courts apply the forum state's statutes of limitation for analogous causes of action. <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 483-84 (1980); <u>Cholia Ready Mix, Inc. v. Civish</u>, 382 F.3d 969, 974 (9th Cir. 2004). In Washington, the statutes of limitations for assault, battery and

**ORDER ON MTN
FOR SUMM JMT - 2**

intentional infliction of emotional distress are two years. RCW 4.16.100. In their responsive briefing, Plaintiffs do not dispute that their May 18, 2006 filing is almost a year after the expiration of the statutes on any claims subject to a two-year statute of limitations.

There is some dispute among the parties regarding whether all or merely some of Plaintiffs' claims are subject to a three-year statute of limitations under RCW 4.16.080. For whichever of the claims so qualify, the expiration of that period would have occurred on June 2, 2006. Plaintiffs filed their complaint prior to that date (May 18, 2006), but Washington law will only toll the statute under those circumstances if: (1) filing occurs prior to the expiration of the statute of limitations and (2) defendants are personally served within 90 days of filing. RCW 4.16.070. If service is not accomplished within 90 days from filing, no tolling occurs and (if the statute of limitations expires) the court loses jurisdiction. *See* Martin v. Triol, 121 Wn.2d 135, 149 (1993); Clark v. Falling, 92 Wn.App. 805, 810 (1998).

Defendants claim that the individual officers were never served; Plaintiffs claim service (by leaving the summons and a copy of the complaint at the precinct office) "[b]etween September 8, 2006 and September 15, 2006." Opposition Memo, p. 2. Even accepting Plaintiffs' argument, service is still well after the 90 day grace period permitted by the statute. It is the finding of this Court that (for those defendants named in the original complaint), whether a three- year statute of limitations applies to all or merely some of Plaintiffs' claims, even that period has expired, thereby depriving the Court of jurisdiction.

Many of the individual State defendants were added in the amended complaint filed on August 3, 2006. Plaintiffs argue that the amendment "relates back" to the original complaint per FRCP 15(c) and thereby preserves their claims. Plaintiffs are correct on the law, but the Supreme Court has held that, unless the new parties receive notice of the claim and "knew or should have known" that but for a mistake in identity the action would have included them before the expiration of the limitations period,

**ORDER ON MTN
FOR SUMM JMT - 3**

1   there is no "relating back" and jurisdiction otherwise lost remains forfeit. Schiavone v. Fortune, 477
2   U.S. 21, 29 (1986).

3   Plaintiffs do not meet the Schiavone test. They have made no showing that any newly-added
4   troopers "knew or should have known" that they should have been named in the original complaint (in
5   fact, as Defendants point out, many of the newly-added WSP troopers had been previously dismissed
6   from the earlier Hedden litigation). Further, there is case law which prohibits Plaintiffs from asserting
7   that failure to name an officer because his identity was not known at the time of filing is a "mistake"
8   for 15(c) purposes. Gonzales v. Phoenix Police Dept., 2006 WL2052711 at 4 (D.Ariz. 2006); *accord*
9   Rylewicz v. Beaton Services, Ltd., 888 F.2d 1175, 1181 (7th Cir. 1989). Plaintiffs' assertions in this
10  regard are unavailing.

11  FRCP 15(c) has been amended (per FRCP 4(m)) to extend the notice period to 120 days from
12  the original filing date, but Plaintiffs have provided no proof that service was properly effected on any
13  newly added officer defendants prior to Sept. 15, 2006.[1] The Court is at a loss as to why Plaintiffs
14  allege that "six officers have signed and returned the Waiver of Service of Summons" (Memorandum
15  in Opposition, p. 2), since none of those officers (who actually number only five, since one of them
16  executed two waivers) are members of the WSP.

17  As noted previously, Plaintiffs make no argument disputing the failure to file within the two-
18  year statute of limitations. Nor do they contend that they complied with RCW 4.16.070 by serving
19  any of the State defendants within 90 days of filing the original complaint or otherwise commenced
20  their lawsuit against defendants within the time allotted by the Washington tolling statute.

21  What Plaintiffs do argue is that, under established federal case law, §1983 actions in states with
22  more than one statute of limitations are governed by the "general" personal injury statute of limitations

---

[1] RCW 4.28.080 identifies the acceptable means for effecting service of process; leaving a copy of the complaint at a precinct office (or any individual's place of business) is not one of them.

**ORDER ON MTN**
**FOR SUMM JMT - 4**

(for Washington, RCW 4.16.080, a three-year statute of limitations). Owens v. Okure, 488 U.S. 235 (1989). Based on the analysis above, this argument is moot, since the Court finds that Plaintiffs did not effect service within a three-year statute of limitations, either.

Plaintiffs, however, do not even actually contend that their suit was properly commenced within a three-year statute of limitations. Instead, they make an alternate argument which the Court finds completely unpersuasive.

Plaintiffs' position is that defense counsel "effectively concealed" the individual State defendants from service and therefore the statute should be tolled. Plaintiffs contend that defense counsel should be "deemed to have concealed" the individual State defendants based on the AG's refusal to accept service on behalf of all the individual officers. Opposition Memo, p. 5.

This is a very weak argument. "Concealment" is a legally defined term and requires "clandestine" or "secret" activities that render personal service impossible; i.e., "willful evasion of process." Bethel v. Sturmer, 3 Wn.App. 62 (1970). Plaintiffs were informed that the State did not accept service on behalf of individual defendants. They offer no authority that the Attorney General's Office is permitted, much less required, to accept service on behalf of state employees sued as individuals. Further, their service of process argument is considerably undercut by the fact that they did not even attempt service on the individual defendants (by leaving copies of the summons and complaint at a precinct office) until two weeks after even the three-year statute of limitations had lapsed. They do not allege any attempt to personally serve the individual State defendants in a manner approved by state law or why such an attempt would have been futile. Nothing in Plaintiffs' briefing or accompanying exhibits begins to approach the proof of "willful evasion of process" required to establish this very serious allegation. Rodriguez v. James-Jackson, 127 Wn.App. 139, 147 (2005).

**ORDER ON MTN FOR SUMM JMT - 5**

Other grounds for dismissal

RCW 4.92.110 requires the filing of claim with the Office of Risk Management prior to initiating a tort action against the State of Washington. Plaintiffs do not deny that they never filed such a claim. On that basis alone, this Court lacks subject matter jurisdiction over the claims against the State and its employees.

Nor did Plaintiffs offer any response to the State defendants' immunity arguments. Case law is cited by defendants that neither the state nor its officials are "persons" subject to suit under § 1983. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 71 (1989). Furthermore, the Eleventh Amendment renders nonconsenting states and their agencies immune from suit except under certain circumstances (waiver, abrogation by statute, a suit filed by the U.S. government) not present here. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 251, 267 (1997); Blatchford v. Native Village of Noatak, 501 U.S. 775, 779-82 (1991). Plaintiffs' non-response is interpreted by the Court as their acknowledgement of the validity of these positions and constitutes further grounds for the dismissal of their suit against the State defendants in this matter.

**Conclusion**

Whether calculated under a two-year or three-year statute of limitations, Plaintiffs' claims in this case have lapsed for failure to file and serve them upon defendants in a timely and approved manner. In the absence of any proof of willful evasion, neither defendants nor their counsel will be deemed to have "concealed" any party from service.

Plaintiffs' failure to file a claim with the Washington Office of Risk Management in accordance with Washington law further acts to deprive this Court of jurisdiction, and neither the State of Washington nor its officials are "persons" subject to suit under § 1983.

The State defendants' motion for summary judgment will be GRANTED, and Plaintiffs' claims against them will be DISMISSED with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January 29, 2007

*[signature]*

Marsha J. Pechman
U.S. District Judge

**ORDER ON MTN**
**FOR SUMM JMT - 7**